### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REPUBLIC BUSINESS CREDIT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:      13-5535** |
| **GREYSTONE & CO., INC., ET AL.** | **SECTION: "C" (4)** |

## <u>ORDER</u>

Before the Court are Defendants Greystone & Co., Inc. and Greystone Funding Corporation's (collectively "Grey Defendants") **Motion for Protective Order (R. Doc. 37)** seeking a Protective Order from this Court disallowing Republic Business Credit, LLC.'s, ("Republic") Interrogatories and relieving the Grey Defendants of their duty to respond to the same. *See* R. Doc. 37, p. 2. The motion was noticed for submission on November 27, 2013, and heard on the briefs on that date.

## I.    <u>Background</u>

Plaintiff, Republic Business Credit, LLC., ("Republic") instituted this action against Defendants, Greystone & Co., Inc., and Greystone Funding Corporation ("Grey Defendants") for damages resulting from allegations of conversion, tortuous interference with contract, tortious interference with business relationship, detrimental reliance and misrepresentation, pursuant to 28 U.S.C. § 1332. *See* R. Doc. 1, p. 1-2.

Specifically, Republic's complaint alleges the following background facts: in May, 2013, Republic and Greystone Commercial Services, LP, ("GCS") a subsidiary and affiliate of the Grey

Defendants, entered into discussions and negotiations concerning the purchase of the factoring portfolio and related assets of GCS by RBC. *Id.* at ¶ 5. These discussions and negotiations allegedly culminated into an agreement whereby Republic would purchase an identifiable group of assets in exchange for a purchase price equal to GCS' outstanding net funds employed to the acquired customers plus a premium equal to 22.75% of outstanding net funds employed, for a total purchase price of $11,522,707.15. *Id.* at ¶ 6-8.

In connection with these negotiations, the Grey Defendants, GCS and Republic allegedly executed an "Asset Purchase and Portfolio Assignment Agreement ("the Agreement") on June 28, 2013," whereby Republic acquired an asset described as a "Lockbox Account" maintained at Wells Fargo Bank, N.A., where all payments from debtors of customers that were originally acquired by GCS, and subsequently Republic, were received. *Id.* at ¶10. Republic alleges that upon closing, it as well as representatives of GCS completed the transfer of ownership of the Lockbox Account to Republic. *Id.* at ¶11.

Republic then alleges that on July 16, 2013, it received correspondence from GCS advising that it was making a claim to approximately $257,157.20, of funds deposited into the Lockbox Account, on the grounds that they were excluded as defined by the terms of the Agreement. *Id.* at ¶14.  On July 17, 2013, GCS' controller, allegedly forwarded a request from GCS' chief executive officer, that the operating account, which was separate from the Lockbox Account, be closed. *Id.* at ¶16.  Thereafter, Republic alleges that the dispute between it and CGS, concerning the $257,157.20 that GCS claimed were excluded assets not included within the Agreement, continued, with Republic advising GCS and the Grey Defendants, that Republic considered the funds to be an asset acquired under the Agreement. *Id.* at ¶17.  Republic also alleges that at some point GFC and/or the Grey Defendants, further directed Wells Fargo to return all mail – including checks from debtors of customers acquired from GCS by

Republic – received into the Lockbox Account, as well as that forwarding of any mail directed to the lockbox was not necessary. *Id.* at ¶21-22.

By directing the closure of the Lockbox Account, Republic alleges that GCS and the Greystone Defendants its property in bad faith, which directly affected its ongoing business as its clients were advised that payments were returned without instruction. *Id.* at ¶ 24-29. Republic also alleges that the assets acquired by the Grey Defendants were substantially impaired by these actions, as they have also lost interest of their funds. *Id.* at ¶30. Finally, Republic alleges that it has suffered considerable damage to its business reputation as it was forced to engage with various clients whose accounts were affected to explain the closing of the Lockbox Account and why funds paid to the Lockbox Account were returned, and to convince these customers to remain with them. *Id.* at ¶31.

The Grey Defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue, and/or transfer venue on September 18, 2013, on the grounds that this Court lacks personal jurisdiction over the Grey Defendants. *See* R. Doc. 3, p. 1-2. Defendants request that in the alternative, this Court transfer this action to the Northern District of Texas, Dallas Division. *See* R. Doc. 3. This motion was taken under submission by the presiding District Judge on November 6, 2013. *See* R. Doc. 36.

On November 8, 2013, the Grey Defendants filed the instant motion for protective order, seeking this Court issue a Protective Order disallowing the interrogatories Republic served on Defendants on October 9, 2013, which allegedly sought "overly broad and unduly burdensome information related to the contacts of Defendants and certain third-parties with the State of Louisiana." *See* R. Doc. 37, p. 1. The Grey Defendants also argue that Republic did not seek leave of the Court prior to serving its discovery requests, as required by Federal Rule of Civil Procedure 26(d)(1), nor have the established a *prima facie* case for general personal jurisdiction, which they contend is a

3

prerequisite to conducting jurisdictional discovery. *Id.* Republic has opposed the instant motion. The motion was heard by oral argument on November 27, 2013.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance

of protective orders.  It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c)(1).  Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.,*No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

### III. __Analysis__:

The Grey Defendants seek a Protective Order from this Court on the grounds that the discovery requests Republic served on them on October 9, 2013, are not timely, as Republic did not sought leave of court prior to serving these requests, pursuant to Fed. R. Civ. P. 26(d)(1), nor have they established a *prima facie* case for general personal jurisdiction, which they contend is a prerequisite to conducting jurisdictional discovery. *Id.*

In opposition, Republic argues that it is entitled to conduct jurisdictional discovery and the Grey Defendants do not present "good cause" necessary for the issuance of a protective order. *See* R. Doc. 38, p. 1. Specifically, Republic contends that the Grey Defendants have failed to prove that it will suffer an undue burden or prejudice if discovery is permitted, which is necessary under Rule 26(c).

5

*Id.*

Jurisdictional discovery is appropriate when a motion to dismiss raises factual questions. *Roman v. Western Mgf., Inc.,* 2013 WL 5533695, at *11 (W.D. La. Oct. 4, 2013); citing *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982). A party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion, but jurisdictional discovery is appropriate when the existing record is inadequate to support a finding of personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery. *Roman,* at *11; citing *Freeman v. United States*, 556 F.3d 326, 341(5th Cir.2009); *Plantbikes, LLC v. Bike Nation, Inc.,* No. 2:13–CV–108, 2013 WL 3753949, *4 (S.D.Tex. July 15, 2013), citing *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed.Cir.2005); *see e.g., Blessey Marine Serv., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 651999, at *5 (E.D. La. Feb. 10, 2011).

In order for a plaintiff to demonstrate that it is entitled to jurisdictional discovery "concerning personal jurisdiction, [it] must make a 'preliminary showing of jurisdiction,' which is something less than a prima facie showing and requires the presentation of factual allegations that suggest with reasonable particularity the possible existence of the necessary contacts." *Roman,* at *11-12; citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir.2005). *See also Blessey Marine Serv., Inc.*, 2011 WL 651999, at *5 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir.2003)); *accord* 4 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1067.6 (3d ed.2004) (noting that jurisdictional discovery can be obtained "when there is some basis for believing that [it] would be fruitful"). "The decision to grant jurisdictional discovery lies within the **court's discretion**." *Id. See also Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241 (5th Cir.2008); *Patterson v. Dietze, Inc.,* 764 F.2d 1145, 1148 (5th Cir. 1985) (emphasis

added).

On October 9, 2013, Republic propounded its First Set of Jurisdictional Interrogatories, before the parties engaged in a Rule 26(f) discovery conference, and without first seeking leave of court. *See* R. Doc. 37-2, pp. 1-8. Although Republic argues that it is entitled to jurisdictional discovery in its opposition to the Grey Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the opposition was not filed until October 15, 2013, after the requests were propounded on the Grey Defendants. *See* R. Doc. 25, pp. 9-10. As such, the interrogatories that were propounded on the Grey Defendants were premature, and are procedurally defective. Further there is no evidence that the existing record is inadequate.

## IV.    Conclusion:

Accordingly,

**IT IS ORDERED** that Defendants Greystone & Co., Inc. and Greystone Funding Corporation's (collectively "Grey Defendants") **Motion for Protective Order (R. Doc. 37)** is **GRANTED.**

New Orleans, Louisiana, this 5th day of December 2013

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE